James Handley  
vs.  } No. 91465.  
John E. O'Rourke, App't.

December 19, 1934.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $164.55.

This is an action to recover a balance of salary alleged to be due the plaintiff from the defendant.

Plaintiff claimed to have worked for the defendant at the latter's diner on the Post Road in North Kingstown from October 29, 1930, to September 7, 1932, a period of 96 weeks. He admitted payments of $93 in the aggregate and claimed there was a balance due of $387.

Plaintiff testified that the agreement with him was that he should receive his room and board and $5 per week. He said he was told that the rent of a room across the street had been paid up to date, some five weeks; that after that time he was to pay it and would be given the money for that purpose; that afterwards he did pay it. He also testified that he had an understanding with defendant whereby the latter was to hold back his pay until he needed it.

Robert E. O'Rourke, brother of the defendant, testified that he secured the plaintiff in Providence; that he had first told Handley that he would get him a room and pay him a couple of dollars a week; that he actually paid him $5 a week, out of which he was to pay his room rent.

Rachel H. Mason, of North Kingstown, a very respectable appearing woman, testified that the plaintiff roomed in her house; that he rented the room and paid for it; that he came on October 30, 1930; that on November 28 she received $12.

The Court thinks the preponderance of the testimony on the matter of the room is to the effect that plaintiff was hired at $5 per week, he to pay his room rent when necessary and that he did pay it. It appears, according to Handley's own testimony, that he occupied a cot in the diner during the time that it was not open for business, a period of about 13 weeks in the first winter and 14 weeks in the second winter. During that aggregate period of 27 weeks, he apparently had no room rent to pay.

The defendant denied that he had any agreement with the plaintiff whereby he was to hold back his pay until the latter asked for it, and he further testified that while he paid Handley quite irregularly, he paid up

to the time that he left. Both the defendant and his wife testified that they had no system of bookkeeping until April 1931.

The defendant introduced two checks, dated respectively April 6, 1931, and April 20, 1931, payable to "James Hanley," each for $25 and each endorsed by the plaintiff. These checks were also endorsed by the defendant and paid by the bank on which they were drawn.

Eight checks were offered in evidence, payable to the plaintiff, the first dated July 6, 1931, and the last, November 30, 1931, for an aggregate of $180. They were all endorsed by the plaintiff but did not go through the bank. This, according to the testimony, was the system employed by the defendant. A large number of other checks payable to various employees tended to prove this was the method employed by the defendant in keeping account of the amounts of money paid by him to his employees. The checks with their endorsements were intended to serve as receipts.

Nine checks more were offered, payable to the plaintiff, the first dated November 10, 1931, and the last, July 11, 1932, for the aggregate amount of $100. These checks do not bear the endorsement of plaintiff.

The amount of the verdict indicates rather conclusively that the jury credited the defendant with payments evidenced by the first ten checks mentioned and rejected the checks which were not endorsed. The services alleged by the plaintiff were performed. The burden of proving payment was upon the defendant. The parties were all present before the Court and jury and the jury therefore had an opportunity to see them and to listen to their oral testimony.

The lack of a system of bookkeeping in the beginning, the character of the system afterwards employed, its honesty and its accuracy, the admit-

ted irregularity of payments, were all matters which were no doubt considered by the jury. The Court can not say, after a careful study of the case, that the verdict is against the evidence.

Defendant's motion for a new trial is therefore hereby denied.

For plaintiff: Walter H. Sharkey.

For defendant: Hartigan, Mullen & Roberts.